**Brandon Che LEE, Plaintiff–Appellant,**

v.

**Claude MAYE, Warden, Defendant–
Appellee.**

No. 14–3214.

United States Court of Appeals,
Tenth Circuit.

Jan. 7, 2015.

Brandon Che Lee, Leavenworth, KS,
pro se.

Before GORSUCH, MURPHY, and
HOLMES, Circuit Judges.

### ORDER AND JUDGMENT *

NEIL M. GORSUCH, Circuit Judge.

Brandon Che Lee filed a civil rights suit
challenging the conditions of his confine-
ment in the federal penitentiary at Leav-
enworth, Kansas. He alleged that un-
named prison officials are torturing him
and poisoning his food. Screening his
complaint pursuant to the Prison Litiga-
tion Reform Act of 1995, 28 U.S.C.
§ 1915A, the district court dismissed his
action as frivolous. Mindful of our obli-
gation to construe pro se filings liberally,
we dismiss this appeal on the same
grounds.

Unlike Federal Rule of Civil Procedure
12(b)(6), § 1915A affords courts the "un-
usual power to pierce the veil of the com-
plaint's factual allegations and dismiss
those claims whose factual contentions are
clearly baseless." *Neitzke v. Williams,*

490 U.S. 319, 327, 109 S.Ct. 1827, 104
L.Ed.2d 338 (1989) (construing a similarly
worded provision now found at 28 U.S.C.
§ 1915(e)(2)). For the reasons thoroughly
explained by the district court, the conclu-
sory assertions in Mr. Lee's filings as to
the conditions of his confinement meet this
standard. To the extent Mr. Lee sepa-
rately suggests that his confinement is it-
self unlawful because of errors underlying
his conviction, he must seek relief not in a
civil rights action but under the federal
habeas corpus statutes. *See Nelson v.
Campbell,* 541 U.S. 637, 643, 124 S.Ct.
2117, 158 L.Ed.2d 924 (2004). And he may
pursue that relief only in the court that
sentenced him, namely, the District Court
for the Central District of California. *See*
28 U.S.C. § 2255(a).

Mr. Lee's motion to proceed in forma
pauperis is denied, and this appeal is dis-
missed as frivolous. Mr. Lee is reminded
of his obligation to pay the filing fees in
full. The district court's dismissal counts
as a "strike" for purposes of 28 U.S.C.
§ 1915(g). Our disposition of this appeal
counts as a second.

---

* After examining the briefs and appellate rec-
ord, this panel has determined unanimously
that oral argument would not materially assist
the determination of this appeal. *See* Fed.
R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G).
The case is therefore ordered submitted with-
out oral argument. This order and judgment
is not binding precedent except under the
doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed.
R.App. P. 32.1 and 10th Cir. R. 32.1.